# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2024 CA 0042

### RICKEY BARNES

### VERSUS

### LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: ___SEP 2 0 2024___

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 724592

The Honorable Kelly Balfour, Judge Presiding

Rickey Barnes
Cottonport, Louisiana

Plaintiff/Appellant *Pro Se*

Robert R. Rochester, Jr.
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
Louisiana Department of Public Safety
and Corrections

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

Rickey Barnes appeals the district court's judgment dismissing his petition for judicial review, with prejudice. For the following reasons, we affirm.

**FACTS**

Mr. Barnes alleges that, on April 20, 2022, as he was going through the intake process at Raymond Laborde Correctional Center ("RLCC"), he had ten laundry bags of personal property and had to decide which property he would keep, mail home, or destroy. Mr. Barnes contends that after he had sorted items in seven of the bags, a colonel at RLCC ordered his property to be taken away and threatened him. Seven boxes of Mr. Barnes's property were mailed to his mother's house. However, he alleges his legal documents were not in those boxes and were "trashed" by prison officials. On May 14, 2022, Mr. Barnes filed a request pursuant to Louisiana's administrative remedy procedure ("ARP"), RLCC-2022-440, wherein he asserted he was threatened and his legal documents and other personal property were destroyed. The Louisiana Department of Public Safety and Corrections ("Department") issued a first step response signed on June 14, 2022, finding Mr. Barnes had time to sort through his property, stating no one witnessed the colonel curse or threaten Mr. Barnes, and denying Mr. Barnes's ARP. On August 30, 2022, a second step response was issued, wherein the Department denied Mr. Barnes's request for relief.

On October 13, 2022, Mr. Barnes filed a "Petition for Judicial Review," seeking review of RLCC-2022-440.[1] He also sought a hearing, damages, a declaratory judgment, and an injunction. On February 9, 2023, the district court dismissed Mr. Barnes's claim for damages without prejudice, finding that it was

---

[1] We note Mr. Barnes also sought review of RLCC-2022-510. A 19th Judicial District Court Commissioner issued a "Multiple Claims Order," which stated that an inmate is only entitled to seek judicial review of a single administrative record in any single lawsuit and directed Mr. Barnes to notify the court which single administrative record he sought review of under his petition for judicial review. Mr. Barnes chose to pursue RLCC-2022-440.

improperly combined with a request for judicial review, filed in the wrong venue, and failed to state a cause of action. The district court also dismissed the individuals named as defendants in Mr. Barnes's petition in their individual capacities with the Department remaining as the only defendant. The Department filed an answer on May 4, 2023, denying Mr. Barnes's claims.

On September 1, 2023, the Commissioner recommended the district court affirm the Department's decision and dismiss Mr. Barnes's appeal, with prejudice, at Mr. Barnes's costs.[2] The Commissioner stated that the Department's decision was neither arbitrary or capricious, nor manifestly erroneous. Mr. Barnes filed a traversal on October 3, 2023. Mr. Barnes asserted that the Department may have committed fraud in preparing documents that indicated he elected to send items home and keep nine bundles of legal documents because he only signed one withdrawal form and one property sheet, but neither provided for bundles of legal documents or personal property. He alleged the forms were filled out after he signed them and the mail room decided which items to send to his mother's house, not him. Mr. Barnes further contended that the Commissioner did not take his evidence seriously, which is why he requested a hearing. On October 8, 2023, after *de novo* review, the district court affirmed the Department's decision in RLCC-2022-440 and dismissed Mr. Barnes's petition for judicial review, with prejudice, at Mr. Barnes's costs. Mr. Barnes appealed.

## DISCUSSION

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides the Department may adopt an administrative remedy

---

[2] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); Collins v. Louisiana Department of Public Safety and Corrections, 2020-0958 (La. App. 1st Cir. 4/16/21), 2021 WL 1438718, *1 n.2 (unpublished), writ denied, 2021-00706 (La. 10/12/21), 325 So. 3d 1067.

procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, the Department, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171(B); see also Spikes v. Louisiana Department of Public Safety and Corrections, 2022-0504 (La. App. 1st Cir. 11/4/22), 354 So. 3d 84, 86-87. The rules and procedures promulgated by the Department are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also Spikes, 354 So. 3d at 87.

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the 19th Judicial District Court. See La. R.S. 15:1177(A). On review of the agency decision, the district court functions as an appellate court. Brown v. Louisiana Department of Public Safety and Corrections, 2015-1958 (La. App. 1st Cir. 9/19/16), 277 So. 3d 326, 329. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the agency level. See La. R.S. 15:1177(A)(5).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. Colvin v. Louisiana Department of Public Safety and Corrections, 2023-1175 (La. App. 1st Cir. 5/31/24), 2024 WL 2971242, *3 (unpublished).

Now, after a *de novo* review, we find that Mr. Barnes's petition for judicial review was properly dismissed. The administrative record demonstrates Mr. Barnes signed an inventory form on April 20, 2022. The form specifies whether

4

Mr. Barnes's property was "kept," "stored," or "sent home." The form indicates that Mr. Barnes kept a belt, books, combination locks, cosmetics, earphones, glasses, bundles of mail, nail clippers, photo albums, a bowl, tobacco, work gloves, and writing tablets. Further, a mail log indicates Mr. Barnes mailed seven packages of property to his mother's house. While Mr. Barnes argues the inventory sheet was "fraudulently fill[ed] out" and his legal documents were destroyed, there is no evidence to support his self-serving assertions. Further, even if Mr. Barnes was removed from the intake room without his property, that does not mean that his property was destroyed. The administrative record contains statements from Colonel Thomas Nicholson, Sergeant Joshua Dauzat, and Sergeant Blake Gaspard, which indicate Mr. Barnes was given sufficient time to decide what property to keep and what property to mail home. Colonel Nicholson, Sergeant Dauzat, and Sergeant Gaspard each stated Mr. Barnes was told he could keep property that would fit into two lockers and the remainder of his property had to be sent home.

This court's review is limited to the administrative record and the petition for judicial review. The burden of proof in any civil administrative appeal is with the Petitioner. See Covington v. Vannoy, 2019-1518 (La. App. 1st Cir. 8/3/20), 310 So. 3d 206, 211. The administrative record and the petition for judicial review contain conflicting assertions by Mr. Barnes and the Department, and Mr. Barnes fails to show the Department's decision in ARP No. RLCC-2022-440 was arbitrary, capricious, manifestly erroneous, or that it was in violation of his statutory or constitutional rights. Based on our thorough review of the administrative record, we conclude the documentary evidence does not support Mr. Barnes's claim, and we find no error in the district court's judgment affirming the Department's decision denying Mr. Barnes's claim and dismissing his petition for judicial review with prejudice.

5

## CONCLUSION

For the above and foregoing reasons, the October 8, 2023 judgment of the Nineteenth Judicial District Court is affirmed. Costs of the appeal are assessed to Rickey Barnes.

**AFFIRMED.**